IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02598-BNB

JULIO ONTIVEROS-PEREZ,

    Applicant,

v.

ANGEL MEDINA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Julio Ontiveros-Perez, a state prisoner in the custody of the Colorado Department of Corrections (DOC), currently is incarcerated at the DOC correctional facility in Limon, Colorado.  Applicant, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in which he challenges the validity of his conviction and sentence in the Denver County District Court.  Although Applicant identifies Case No. 06CR2720 as the state criminal case that he is challenging, Respondents have clarified, and Applicant does not deny, that the criminal case at issue is Case No. 06CR2138.  *See* Clarification Resp. (Doc. No. 11).

    On October 13, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  Respondents submitted a Pre-Answer Response on November 29, 2011; Applicant filed a Reply on December 9, 2011.

The Court must construe liberally the Application and Reply because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the *pro se* litigant." *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On May 15, 2007, Applicant pled guilty to six counts of aggravated robbery, one count of attempted aggravated robbery, and one count of menacing in Case No. 06CR2138 in the Denver County District Court. *See* Pre-Answer Resp., Doc. No. 8-1 at 5. Applicant did not file a direct appeal. On September 11, 2007, he filed a Colo. R. Crim. P. 35(b) postconviction motion that was denied on October 29, 2007. *Id.* He did not appeal the denial. On June 5, 2009, Applicant filed a Colo. R. Crim. P. 35(c) postconviction motion that was denied by the district court on November 18, 2009. *Id.* at 4. Applicant appealed the denial, and the Colorado Supreme Court denied certiorari review on August 1, 2011. *Id.* at 9.

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was

2

>prevented from filing by such State action;
>
>(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Applicant did not file a direct appeal, his conviction and sentence became final on June 29, 2007, when the time for seeking review of his direct appeal in the Colorado Court of Appeals expired. *See* Colo. App. R. 4(b). Accordingly, time began to run on June 30, 2007, for the purposes of § 2244(d). The Court must determine whether any of Applicant's state postconviction motions tolled the one-year limitation period. Pursuant to § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.

The one-year limitation period ran from June 30, 2007, the day after Applicant's conviction became final, until September 10, 2007, the day prior to when he filed a Rule 35(b) postconviction motion, a total of seventy-three days. The trial court denied the postconviction motion on October 29, 2007. Forty-five days later, on December 13, 2007, the motion was final. *See* Colo. App. R. 4(b). From December 14, 2007, until June 4, 2009, the day prior to when Applicant filed the Rule 35(c) postconviction motion,

the one-year limitation ran for 539 days. The total time not tolled for purposes of § 2244(d) is 612 days.  Accordingly, unless equitable tolling applies, the Application is time-barred.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008).  "[E]quitable tolling of the one-year period may be granted, but only in 'rare and exceptional circumstances.' "  *See Coppage v. McKune*, 534 F.3d 1279, 1280 (10th Cir. 2008) (quoting *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003)).  The inmate must allege with specificity the steps he took to pursue his federal claims.  *Yang*, 525 F.3d at 930.  Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period.  *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, "[a] sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

Applicant fails to allege any facts that might justify equitable tolling of the one-year limitation period with respect to his claims. In the Application, on Page Seven under Section "F. Timeliness of Application," Applicant wrote "N/A." In his Reply, Applicant asserts that he is not a United States citizen and does not speak English fluently. He further contends that trial counsel did not advise him about state or federal time limitations and not until six months ago did the prison law library have information printed in Spanish regarding time limitations.

It is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks and citation omitted). An applicant's lack of proficiency in the English language, in conjunction with a lack of access to legal materials in his first language, are not extraordinary circumstances that create a state imposed impediment and warrant equitable tolling. *See Yang,* 525 F.3d at 930. An alleged need for assistance in understanding the legal process is common for the majority of *pro se* prisoners whether or not they are deficient in the English language. *Id.* (citing *Marsh*, 223 F.3d at 1220).

Furthermore, "a petitioner's language deficiency must be coupled with proof of independent and diligent effort to overcome the prisoner's disabilities by alternative means." *See Yang*, 525 F.3d at 930 (citing *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th cir. 2006) (must demonstrate diligent efforts to procure legal material in his own language from inmate, library personnel or other source); *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008) (must demonstrate effort to contact someone outside or within the

prison who speaks his language to assist)).

Applicant was able to present two separate postconviction motions in state court and has presented intelligible pleadings in the instant action. Applicant does not assert that he requested trial counsel to appeal his conviction or sentence or to provide information to him regarding how he could proceed *pro se* on appeal. He also fails to assert any steps he took to diligently overcome his disability. The Court, therefore, finds the instant action is barred by the one-year limitation period under 28 U.S.C. § 2244(d).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this 21st day of February, 2012.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court